UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-198 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Da'Veyon Armar Williams, | |
| Defendant. | |

This matter comes before the Court on Defendant Da'Veyon Armar Williams's Motion to Continue Motions Filing Deadline and Motions Hearing Date, ECF No. 15. Defendant also filed a Statement of Facts in Support of Exclusion of Time Under the Speedy Trial Act, ECF No. 16. Defendant requests a four-week extension of time due voluminous discovery. ECF No. 15 at 1; *see* ECF No. 16 at 1. The Government has no objection to the requested extension. ECF No. 15 at 1.

Additionally, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On September 3, 2021, Chief Judge Tunheim entered General Order No. 30, which allows limited in-person proceedings for defendants who decline to consent to conducting the

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.  *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 30 (D. Minn. Sept. 3, 2021).  General Order No. 30 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.

General Order No. 30 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 30 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act to address delays attributable to COVID-19.  **Accordingly, should Defendant file pretrial motions, counsel shall also file a letter indicating whether Defendant consents to a motions hearing by videoconference.**  *See also* ECF No. 8.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his counsel reasonable time necessary for effective preparation and to make efficient use of the parties' resources.  Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

---

[2] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

1. Defendant's Motion to Continue Motions Filing Deadline and Motions Hearing Date, ECF No. 15, is **GRANTED**.

2. The period of time from **October 20 through December 15, 2021**, shall be excluded from Speedy Trial Act computations in this case.

3. All motions in the above-entitled case shall be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47 on or before **November 18, 2021**. D. Minn. LR 12.1(c)(1).  Two courtesy copies of all motions and responses shall be delivered directly to the chambers of Magistrate Judge Leung.

4. **Should Defendant file pretrial motions, counsel shall also file a letter on or before November 18, 2021, indicating whether Defendant consents to a motions hearing by videoconference**.  See ECF No. 8.

5. Counsel shall electronically file a letter on or before **November 18, 2021**, if no motions will be filed and there is no need for hearing.

6. All responses to motions shall be filed by **December 2, 2021**. D. Minn. LR 12.1(c)(2).

7. Any Notice of Intent to Call Witnesses shall be filed by **December 2, 2021**. D. Minn. LR. 12.1(c)(3)(A).

8. Any Responsive Notice of Intent to Call Witnesses shall be filed by **December 7, 2021**.  D. Minn. LR 12.1(c)(3)(B).

9. A motions hearing will be held pursuant to Federal Rules of Criminal Procedure 12(c) where:

    a.    The government makes timely disclosures and a defendant pleads particularized matters for which an evidentiary hearing is necessary; or

    b.    Oral argument is requested by either party in its motion, objection or response pleadings.

10.    **If required, the motions hearing shall take place before the undersigned on December 15, 2021, at 1:00 p.m., in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.**  D. Minn. LR 12.1(d).

11.    **TRIAL: The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions.  Counsel must contact the Courtroom Deputy for District Judge Susan Richard Nelson to confirm the new trial date.**

Dated: October __27__, 2021                        _s/ Tony N. Leung_
                                                                TONY N. LEUNG
                                                                United States Magistrate Judge
                                                               District of Minnesota

                                                               *United States v. Williams*
                                                                Case No. 21-cr-198 (SRN/TNL)