UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-198 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Da'Veyon Armar Williams, | |
| Defendant. | |

This matter is before the Court on the Government's Motion to Continue Motions Hearing, ECF No. 40. The Government requests that the motions hearing presently set for January 25, 2022, ECF No. 37, be continued to February 15, 2022, to accommodate a trial conflict and the subsequent availability of videoconferencing at the facility in which Defendant is detained in light of the change in hearing date. ECF No. 40 at 1. Defendant has no objection to the continuance. ECF No. 40 at 2.

Beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021). General Order No. 32 states that because only

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

1

limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.  General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act, including in cases where certain proceedings are held by video or telephone conference, to address delays attributable to COVID-19.

General Order No. 32, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and the President publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the COVID-19 restrictions imposed by local detention facilitates that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (3) the Bureau of Prisons imposing modified operations; (4) that Minnesota continues to be an area of risk for further COVID-19 spread and concerns about the increased transmissibility of strains of the COVID-19 virus; and (5) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 32 states the following concerning the Speedy Trial Act:

---

[2] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide the parties and their respective counsel the time necessary for effective preparation and to make efficient use of the parties' resources. The Court further finds that such continuance is not due to a lack of diligent preparation.

Further, Defendant has indicated through counsel that he consents to videoconferencing for the criminal motions hearing. ECF Nos. 31, 33. In light of Defendant's consent and consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, including the availability of facility videoconferencing equipment, **IT IS HEREBY ORDERED that the criminal motions hearing scheduled for January 25, 2022, is CONTINUED to February 15, 2022, at 1:30 p.m. before the undersigned and shall occur by Zoom videoconferencing technology**. Login information will be provided to counsel. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Susan Richard Nelson to confirm the new trial date.**

For the reasons addressed in General Order No. 32 and the well-documented concerns about COVID-19, and because the criminal motions hearing cannot take place until February 15,

3

2022, the Court specifically finds that the ends of justice served by ordering the extension outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A).  In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances. **Accordingly, the time period between January 11 and February 15, 2022, will be excluded under the Speedy Trial Act, absent further order of the Court.**

The District of Minnesota has developed guidance for participating in proceedings held by videoconference, *available at* https://www.mnd.uscourts.gov/sites/mnd/files/Preparing-to-Participate-in-a-Zoom-Video-Conference.pdf.  Please review it well in advance of the hearing. Any recording of a proceeding held by video or teleconference, including "screen-shots" or other visual copying of a hearing, is absolutely prohibited.  Violation of these prohibitions may result in sanctions.

In light of the Court's duty to ensure the effective and expeditious administration of justice, **IT IS FURTHER ORDERED** that:

A. **Attorneys**.  Counsel shall notify the Court via e-mail to leung_chambers@mnd.uscourts.gov by **February 8, 2022**, if more than one attorney will be present representing a party.

B. **Anticipated Observers.**  Counsel shall notify the Court via e-mail to leung_chambers@mnd.uscourts.gov by **February 10, 2022**, if they expect more than 10 observers to be present for the proceeding.

C. **Exhibits:**

1. **During the hearing, counsel shall be prepared to show, play, or otherwise present all exhibits through screensharing in Zoom.[3]**

2. **Documents.**  Counsel shall pre-mark and make .pdf copies of all such possible exhibits that they may seek to introduce at the hearing, and e-mail one complete set thereof to the Court at

---

[3] *See, e.g.*, *Sharing your screen or desktop on Zoom*, Zoom Video Communications, Inc., https://support.zoom.us/hc/en-us/articles/201362153-Sharing-your-screen-content-or-second-camera.

4

leung_chambers@mnd.uscourts.gov **no later than 12:00 p.m. on February 14, 2022**. Counsel shall also e-mail one complete set of .pdf copies of all such potential pre-marked exhibits to opposing counsel **no later than 4:00 p.m. on February 14, 2022**.

3. **Video/Audio Recordings.** Counsel shall pre-mark and make electronic copies (whether by DVD, USB drive, or similar electronic media) of all such possible exhibits that they may seek to introduce at the hearing, and send one complete set thereof to the Court **to arrive no later than 12:00 p.m. on February 14, 2022**. Counsel shall also send one complete set of all such potential pre-marked exhibits to opposing counsel **to arrive no later than 4:00 p.m. on February 14, 2022.**

Dated: January __18__, 2022

_s/ Tony N. Leung_
TONY N. LEUNG
United States Magistrate Judge
District of Minnesota

*United States v. Williams*
Case No. 21-cr-198 (SRN/TNL)

5