# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                                    Case No. 21-cr-198 (SRN/TNL)

             Plaintiff,

v.                                                           **ORDER**

Da'Veyon Armar Williams,

             Defendant.

This matter is before the Court on an e-mail request to continue the criminal motions hearing currently scheduled for February 15, 2022, ECF No. 41, due to defense counsel's family emergency. The Government has no objection to the requested continuance. Pursuant to 18 U.S.C. § 3161(h), this Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial and such continuance is necessary to provide Defendant and his respective counsel the time necessary for effective preparation and to make efficient use of the parties' resources.

Further, beginning on March 13, 2020, and continuing thereafter, the Honorable John R. Tunheim, Chief District Judge for the United States District Court for the District of Minnesota, has issued a series of General Orders in connection with the COVID-19 pandemic, addressing, among other things, criminal proceedings and trials.[1] On December 6, 2021, Chief Judge Tunheim entered General Order No. 32, which allows limited in-person proceedings for defendants who decline to consent to conducting the proceeding using videoconferencing, or telephone conferencing if videoconferencing is not reasonably available. *See generally In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-*

---

[1] All General Orders related to the COVID-19 pandemic may be found on the Court's website at https://www.mnd.uscourts.gov/coronavirus-covid-19-guidance.

*19*, Gen. Order No. 32 (D. Minn. Dec. 6, 2021).  General Order No. 32 states that because only limited in-person proceedings may be held each day, criminal proceedings may be continued until the date that the criminal proceeding takes place.  General Order No. 32 continues to encourage the use of videoconferencing in criminal proceedings and states that, with the defendant's consent, criminal proceedings will be conducted by videoconferencing, or telephone conferencing if videoconferencing is not reasonably available.[2]  General Order No. 32 further provides that the presiding judge will enter orders in individual cases to extend deadlines and exclude time under the Speedy Trial Act, including in cases where certain proceedings are held by video or telephone conference, to address delays attributable to COVID-19.

General Order No. 32, which is hereby incorporated by reference, was implemented based on: (1) the President declaring a national state of emergency in response to COVID-19 on March 13, 2020, and the President publishing formal notice in the Federal Register continuing the national emergency concerning the COVID-19 pandemic on February 26, 2021; (2) the COVID-19 restrictions imposed by local detention facilitates that impact the abilities of pretrial detainees to consult with legal counsel and appear in-person at a U.S. Courthouse; (3) the Bureau of Prisons imposing modified operations; (4) that Minnesota continues to be an area of risk for further COVID-19 spread and concerns about the increased transmissibility of strains of the COVID-19 virus; and (5) the interests of the health of courtroom participants and court staff, the constitutional rights of criminal defendants, the ability to conduct certain criminal proceedings via videoconference or telephone conference under the CARES Act, and the public's interest in

---

[2] *See also* General Order No. 31, which went into effect on September 22, 2021, vacated General Order No. 29, and extended the Court's authorization to conduct certain criminal proceedings via video or telephone conference pursuant to the CARES Act "[b]ecause the emergency created by the COVID-19 outbreak continues to materially affect the functioning of court operations in the District of Minnesota." *In re: Updated Guidance to Court Operations Under the Exigent Circumstances Created by COVID-19*, Gen. Order No. 31 (D. Minn. Sept. 16, 2021).

and the Court's duty to ensure the effective and expeditious administration of justice. Specifically, General Order No. 32 states the following concerning the Speedy Trial Act:

> If the proceeding must be continued, the Court finds that the time of the continuances implemented by this order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice are served by ordering the continuances and outweigh the best interests of the public and of the criminal defendants under 18 U.S.C. § 3161(h)(7)(A). Absent further order of the Court or any individual judge, the period of exclusion shall be from March 17, 2020, or the date of the indictment, whichever is later, to the date that the criminal proceeding takes place. The Court may extend the period of exclusion as circumstances may warrant.

Defendant has indicated through counsel that he consents to videoconferencing for the criminal motions hearing. ECF Nos. 31, 33. In light of Defendant's consent and consistent with the health and safety protocols of this Court and the facility in which Defendant is detained, including the availability of facility videoconferencing equipment, **IT IS HEREBY ORDERED that the criminal motions hearing scheduled for February 15, 2022, is CONTINUED to March 16, 2022, at 1:00 p.m. before the undersigned and shall occur by Zoom videoconferencing technology**. Login information will be provided to counsel. **The trial date, and other related dates, will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Susan Richard Nelson to confirm the new trial date.**

For the reasons addressed in General Order No. 32 and the well-documented concerns about COVID-19, the Court specifically finds that the ends of justice served by ordering the extension outweigh the best interests of the public and Defendant's right to a speedy trial under 18 U.S.C. § 3161(h)(7)(A). In addition, under 18 U.S.C. § 3161(h)(7)(B)(i), the Court finds that a miscarriage of justice would result if time were not excluded under these unique circumstances.

**Accordingly, the time period between February 14 and March 16, 2022, will be excluded under the Speedy Trial Act, absent further order of the Court.**

The District of Minnesota has developed guidance for participating in proceedings held by videoconference, *available at* https://www.mnd.uscourts.gov/sites/mnd/files/Preparing-to-Participate-in-a-Zoom-Video-Conference.pdf.  Please review it well in advance of the hearing. Any recording of a proceeding held by video or teleconference, including "screen-shots" or other visual copying of a hearing, is absolutely prohibited.  Violation of these prohibitions may result in sanctions.

In light of the Court's duty to ensure the effective and expeditious administration of justice, **IT IS FURTHER ORDERED** that:

A.    **Attorneys**.    Counsel shall notify the Court via e-mail to leung_chambers@mnd.uscourts.gov by **March 9, 2022**, if more than one attorney will be present representing a party.

B.    **Anticipated Observers.**    Counsel shall notify the Court via e-mail to leung_chambers@mnd.uscourts.gov by **March 11, 2022**, if they expect more than 10 observers to be present for the proceeding.

C.    **Exhibits:**

    1.    **During the hearing, counsel shall be prepared to show, play, or otherwise present all exhibits through screensharing in Zoom.[3]**

    2.    **Documents.  To the extent counsel has not already done so,** counsel shall pre-mark and make .pdf copies of all such possible exhibits that they may seek to introduce at the hearing, and e-mail one complete set thereof to the Court at leung_chambers@mnd.uscourts.gov **no later than 12:00 p.m. on March 15, 2022.  To the extent counsel has not already done so,** counsel shall also e-mail one complete set of .pdf copies of all such potential pre-marked exhibits to opposing counsel **no later than 4:00 p.m. on March 15, 2022**.

    3.    **Video/Audio Recordings.  To the extent counsel has not already done so,** counsel shall pre-mark and make electronic copies (whether

---

[3] *See, e.g.*, *Sharing your screen or desktop on Zoom*, Zoom Video Communications, Inc., https://support.zoom.us/hc/en-us/articles/201362153-Sharing-your-screen-content-or-second-camera.

by DVD, USB drive, or similar electronic media) of all such possible exhibits that they may seek to introduce at the hearing, and send one complete set thereof to the Court **to arrive no later than 12:00 p.m. on March 15, 2022**.  **To the extent counsel has not already done so,** counsel shall also send one complete set of all such potential pre-markesd exhibits to opposing counsel **to arrive no later than 4:00 p.m. on March 15, 2022.**

Dated: February__14__, 2022                    _____*s/ Tony N. Leung*_____
                                               TONY N. LEUNG
                                               United States Magistrate Judge
                                               District of Minnesota


                                               *United States v. Williams*
                                               Case No. 21-cr-198 (SRN/TNL)